UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHAQUITHIA LANETTE JACKSON,<br><br>    Plaintiff,<br><br>-vs-<br><br>EXPERIAN DATA CORP. d/b/a<br>EXPERIAN RENT BUREAU,<br><br>    Defendant. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Shaquithia Lanette Jackson (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, EXPERIAN DATA CORP. d/b/a EXPERIAN RENT BUREAU. (hereinafter "Rent Bureau"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1.  This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.  Consumer reporting agencies that create background reports, like Rent Bureau, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as Plaintiff is a natural person and resident of Monroe County, Michigan; the violations described in this Complaint occurred in this District; and Rent Bureau transacts business within this District.

8. Plaintiff is a "consumer" as defined by the FCRA.

9. Rent Bureau is a corporation headquartered at 475 Anton Blvd., Costa Mesa, CA 92626 that upon information and belief conduct business in the State of Michigan.

10. Rent Bureau is a "consumer reporting agency" as defined in 15 USC § 1681(f). Rent Bureau is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Rent Bureau disburses such background reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. In or about 2022, Plaintiff resided in an apartment unit at the Arbor One Apartments in Ypsilanti, Michigan.

13. The Arbor One Apartments in Ypsilanti, Michigan are managed by non-party, LR Management Services Corp.

14. On or about May 27, 2022, a Consent Order for Conditional Dismissal was entered in the State of Michigan, Judicial District, case number 22C-0634, which ordered Plaintiff to vacate the subject apartment in which she currently resided at Arbor One Apartments in Ypsilanti, Michigan by June 15, 2022. Per the court order, Plaintiff did not owe any rents and/or fees.

15. Pursuant to the court order, Plaintiff vacated her apartment at Arbor One Apartments on or about June 15, 2022.

16. On or about July of 2023, Plaintiff applied for an apartment with non-party, Paschall Apartments and was subsequently denied. Upon information and belief Rent Bureau was used to make the determination of the housing denial.

17. On or about September of 2023, Plaintiff reviewed a copy of her tenant screening report from Rent Bureau which reported LR Management Services Corp. ("LR Management") under the section, "Rent Payment History", with a pay status of "Left, money owed".

18. Shortly after learning of the inaccurate reporting, on or about September 21, 2023, Plaintiff contacted Rent Bureau to dispute the erroneous reporting of her consumer report. Plaintiff advised Rent Bureau that she did not owe any outstanding money to LR Management, and that the derogatory remark and balance should be removed from her tenant screening report.

19. On or about September 28, 2023, Plaintiff received dispute results from Rent Bureau, which stated, "Experian RentBureau has verified the disputed information as reporting accurately, and no changes were made".

20. Rent Bureau failed to conduct any independent investigation into Plaintiff's dispute, and never attempted to contact Plaintiff during the alleged investigation.

21. Plaintiff was left feeling defeated and refrained from applying for housing opportunities, though continued to be negatively impacted by Rent Bureaus erroneous reporting.

22. On or about May 17, 2024, Plaintiff again disputed with Rent Bureau the LR Management Account with the status of "write-off" with a total outstanding balance $5,257" being reported on her consumer report. Ms. Jackson affirmed to Rent Bureau that she did not owe any funds to LR Management. Plaintiff included in the letter her personal identifying information including her address, Social Security Number, and date of birth, and an image of her driver's license. In the letter, Plaintiff included images of the incorrect reporting and images of the Consent Order.

23. Plaintiff mailed out the dispute letter by USPS Certified Mail 7022 0410 0000 4372 5360.

24. Despite USPS delivery confirmation, Plaintiff never received a response from Rent Bureau. The Defendant failed to conduct a reasonable investigation and continued to verify the erroneous information.

25. On June 21, 2024, Plaintiff obtained a copy of her Rent Bureau consumer report. Upon review of the report, Rent Bureau continued to report the LR Management Account with the status of "write-off" with a total outstanding balance $5,257".

26. On or about July 1, 2024, Plaintiff again disputed with Rent Bureau the erroneous LR Management Account with the status of "write-off" with a total outstanding balance $5,257". Plaintiff affirmed to Rent Bureau that she did not owe any funds to LR Management. Plaintiff included in the letter her personal identifying information including her address, Social Security Number, and date of birth, and an image of her driver's license. In the letter, Plaintiff included images of the erroneous reporting and images of the Consent Order.

27. Plaintiff mailed out the dispute letter by USPS Certified Mail 7022 2450 0000 0298 4207.

28. Despite USPS delivery confirmation, Plaintiff never received a response from Rent Bureau.

29. Due to the lack of response from Rent Bureau, Plaintiff contacted Rent Bureau via phone on or about July 31, 2024, and submitted a telephonic dispute. She was provided the verbal dispute confirmation number of 108887248.

30. On or about August 23, 2024, Plaintiff received dispute results from Rent Bureau which stated that the "personal rental history has been updated to reflect the results of your dispute". Upon looking at the consumer report, unconceivably, Rent Bureau continued to report the LR Management Account.

31. Despite Plaintiff's best efforts to have the reporting corrected, Rent Bureau continues to inaccurately report the Rent Payment History in Plaintiff's

consumer report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

32. Plaintiff continues to suffer as of the filing of this Complaint with Rent Bureau's reluctance to conduct a thorough investigation into her disputes or otherwise make her background report accurate.

33. As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her background file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Rent Bureau's reluctance to fix the errors;

    iv. Apprehensiveness to apply for housing due to Rent Bureau's errors; and

    v. Defamation as Rent Bureau published inaccurate information to third party entities.

## CAUSES OF ACTION

## COUNT I
## Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Data Corp. d/b/a Experian Rent Bureau (Negligent)

34. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

35. Rent Bureau violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and background files it published and maintains concerning Plaintiff.

36. Rent Bureau allowed inaccurate information to be reported on Plaintiff's background file.

37. Rent Bureau prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

38. As a direct result of this conduct, action and/or inaction of Rent Bureau, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

39. The conduct, action, and/or inaction of Rent Bureau was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from Rent Bureau in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Shaquithia Lanette Jackson, respectfully requests that this Court award actual damages against Defendant, Experian Data Corp. d/b/a Experian Rent Bureau, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Data Corp. d/b/a Experian Rent Bureau (Willful)

41. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

42. Rent Bureau violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and background files it published and maintains concerning Plaintiff.

43. Rent Bureau allowed inaccurate information to be reported on Plaintiff's background file.

44. Rent Bureau prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

45. As a direct result of this conduct, action and/or inaction of Rent Bureau, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

46. The conduct, action, and/or inaction of Rent Bureau was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

47. Plaintiff is entitled to recover costs and attorney's fees from Rent Bureau in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Shaquithia Lanette Jackson, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Data Corp. d/b/a Experian Rent Bureau, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to Defendant, Experian**

## Data Corp. d/b/a Experian Rent Bureau (Negligent)

48. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

49. After receiving Plaintiff's disputes, Rent Bureau violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's background file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's background file, and (4) relying upon verification from a source it has to know is unreliable.

50. Despite the information provided by Plaintiff regarding the inaccurate reporting, Rent Bureau refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

51. As a direct result of this conduct, action and/or inaction of Rent Bureau, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

52. The conduct, action, and/or inaction of Rent Bureau was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

53. Plaintiff is entitled to recover costs and attorney's fees from Rent Bureau in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Shaquithia Lanette Jackson, respectfully requests that this Court award actual damages against Defendant, Experian Data Corp. d/b/a Experian Rent Bureau, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to Experian Data Corp. d/b/a Experian Rent Bureau (Willful)

54. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

55. After receiving Plaintiff's disputes, Rent Bureau violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's background file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's background file, and (4) relying upon verification from a source it has to know is unreliable.

56. Despite the information provided by Plaintiff regarding the inaccurate reporting, Rent Bureau refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

57. As a direct result of this conduct, action and/or inaction of Rent Bureau, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

58. The conduct, action, and/or inaction of Rent Bureau was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

59. Plaintiff is entitled to recover costs and attorney's fees from AppFolio in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Shaquithia Lanette Jackson, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Data Corp. d/b/a Experian Rent Bureau, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shaquithia Lanette Jackson, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Experian Data Corp. d/b/a Experian Rent Bureau, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 18th day of September 2024.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*